```
                    United States District Court
                      District of Massachusetts
_____
                               )
ERIC BROWN,                    )
        Petitioner,            )
                               )
        v.                     )   Civil Action No.
                               )   08-11953-NMG
STEPHEN J. O'BRIEN,            )
        Respondent.            )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

On November 24, 2008, Eric Brown ("Brown"), petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently serving two consecutive life sentences for first degree murder and unlawful possession of a shotgun and ammunition. In her August 18, 2010 Report and Recommendation, Magistrate Judge Jennifer C. Boal recommended that this Court dismiss the petition. Here, the Court considers that recommendation and whether to issue a Certificate of Appealability ("COA") with respect to Brown's claims.

### I. Report and Recommendation

Brown makes five challenges to his convictions, all claiming that his due process rights have been violated. Magistrate Judge Boal's recommendations are well-reasoned. In his objection to Magistrate Judge Boal's Report and Recommendation, Brown does not raise any new or compelling arguments that he has not already

discussed thoroughly in his memorandum in support of his petition and his opposition to Respondent's motion to dismiss. The Court will, therefore, accept and adopt the Report and Recommendation.

## II. Certificate of Appealability

### A. Standard and Procedure

Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 provides that:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

Rules Governing Proceedings Under 28 U.S.C. § 2254, Rule 11, 28 U.S.C.A. foll. § 2254 (2009).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). In order to make a "substantial showing", a petitioner seeking a COA must show that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). The district court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

The "debatable amongst jurists of reason" inquiry has been interpreted as a very low barrier to the issuance of a COA.

Miller-El v. Cockrell, 537 U.S. 322, 338, 341 (2003). The petitioner need not show that some jurists would grant his petition for habeas corpus. Id. In fact, a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Id. The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith on his or her part." Id. (internal quotations omitted).

**B.  Insufficiency of the Evidence**

Brown argues that the evidence presented by the Commonwealth was insufficient to support Brown's murder convictions. That determination depends on analysis of the trial record and could be debated by reasonable jurists. Thus, the Court will issue a COA with respect to the insufficiency of the evidence claim.

**C.  Introduction of Evidence of Post-Arrest Silence**

Brown argues that the Commonwealth's introduction of evidence regarding his alleged post-arrest silence deprived him of a fair trial. Magistrate Judge Boal concluded, and this Court agrees, that Brown's challenge is procedurally defaulted and habeas review is barred. Reasonable jurists could not debate that finding because habeas review is procedurally barred and Brown has not provided argument that any exception should apply. See Barefoot, 463 U.S. at 893 n.4. Thus, the Court will deny a COA with respect to that claim.

### D. Failure to Instruct the Jury on Voluntary Intoxication, Incompetency to Stand Trial and Lack of Voir Dire on the Voluntariness of Brown's Statements

Brown argues that the trial judge's failure to give a voluntary intoxication instruction violated his federal constitutional right to due process and that the SJC's characterization of expert testimony regarding intoxication was clearly erroneous. In analyzing those three claims, a court must examine and analyze the trial record. In performing such an analysis, reasonable jurists could conceivably disagree with this Court's rulings and, therefore, the Court will issue a COA with respect to those claims. See Barefoot, 463 U.S. at 893 n.4.

### ORDER

After consideration of Petitioner's Objection thereto, Magistrate Judge Boal's Report and Recommendation (Docket No. 17) is **ACCEPTED** and **ADOPTED**. A Certificate of Appealability is, with respect to the insufficiency of evidence, failure to instruct the jury on voluntary intoxication, competency to stand trial and lack of voir dire on the voluntariness of Brown's statements claims, **ISSUED**, but is, with respect to the introduction of evidence of post-arrest silence claim, **DENIED**.

**So ordered.**                /s/ Nathaniel M. Gorton
                               Nathaniel M. Gorton
                               United States District Judge

Dated December 17, 2010