UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERIC BROWN,
        Petitioner,

V.

        CIVIL ACTION
        NO. 08-11953-NMG
        (USCA No. 11-1037)

STEVEN J. O'BRIEN,
        Respondent.

## ORDER ON MOTION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

GORTON, D.J.

On December 17, 2010, this Court issued a Memorandum and Order (Docket No. 21) dismissing this § 2254 habeas petition and issuing a Certificate of Appealability with respect to certain claims raised by Petitioner Eric Brown ("Brown"). On December 21, 2010, an Order of Dismissal (Docket No. 22) entered.

Thereafter, on January 10, 2011, Brown filed, through his counsel, Catherine J. Hinton, Esq., a Notice of Appeal (Docket No. 24), along with a Motion for Leave to Proceed on Appeal *in forma pauperis* (Docket No 23). No financial affidavit signed by Brown was attached to the motion, nor was his certified prison account statement submitted. Rather, counsel for petitioner filed the motion on Brown's behalf claiming that he previously was determined to be indigent (presumably by the Commonwealth of Massachusetts state court), and that counsel had been assigned by the Committee for Public Counsel Services to represent him with respect to the habeas petition. Finally, counsel argues that Brown was previously granted *in forma pauperis* status and therefore need not obtain prior permission from the Court, citing Fed. R. Civ. P. 24(a)(3).

## DISCUSSION

At the outset, counsel's argument that Brown was permitted to proceed *in forma pauperis* in the district court action is asserted in error. A review of this Court's docket indicates that Brown paid the $5.00 filing fee at the time of filing his habeas petition, and never has been afforded *in*

*forma pauperis* status in this federal action. Therefore, Brown must obtain leave to proceed on appeal *in forma pauperis*, in accordance with Rule 24(a)(1) of the Federal Rules of Appellate Procedure.

Under Rule 24(a)(1) of the Federal Rules of Appellate Procedure, a person moving for leave to appeal *in forma pauperis* must attach to his motion an affidavit that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms [to the Federal Rules of Appellate Procedure] the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Further, where the appellant is a prisoner, he is required to submit a statement of his finances signed under the penalties of perjury, see 28 U.S.C. § 1915(a)(1), along with "a certified copy of the trust fund account statement ... for the prisoner for the 6-month period immediately preceding the filing of the ... notice of appeal." 28 U.S.C. § 1915(a)(2).[1]

Here, as noted above, Brown failed to submit both his financial affidavit and his certified prison account statement as required. Without this information, the Court cannot grant the motion to appeal *in forma pauperis*. Neither counsel's assertions that Brown is indigent, nor the assertions that he has been appointed counsel satisfy the statutory requirements for proceeding *in forma pauperis* on appeal.

In light of the above, Brown's Motion for Leave to Proceed on Appeal *in forma pauperis*

---

[1]The affidavit requirement contained in the *in forma pauperis* statute serves a deterrent function. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993). In Rowland, the United States Supreme Court stated: "[o]ne who makes this affidavit exposes himself 'to the pains of perjury in a case of bad faith.' ... This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." Id. at 205 (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338, (1948) quoting Pothier v. Rodman, 261 U.S. 307, 309 (1923)). The perjury sanction is an important requirement in protecting the public against misuse of public funds by a litigant who has sufficient funds of his or her own, and against the filing of "frivolous or malicious" lawsuits funded by the public. Rowland, 506 U.S. at 205.

(Docket No. 23) is <u>DENIED</u> as defective.

Accordingly, Brown must either pay the $455.00 appellate filing and docketing fee, or he may file a renewed Motion for Leave to Proceed on Appeal *in forma pauperis* directly with the United States Court of Appeals for the First Circuit ("First Circuit"). <u>See</u> Fed. R. App. P. 24(a)(5).[2]

The Clerk is directed to transmit a copy of this Order to the First Circuit forthwith.

SO ORDERED.

                                            /s/ Nathaniel M. Gorton
                                            NATHANIEL M. GORTON
                                            UNITED STATES DISTRICT JUDGE

DATED: June 13, 2011

---

[2]Fed. R. App. P. 24(a)(5) provides:

A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice [of the district court's order denying the motion to proceed *in forma pauperis*]. The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. App. P. 24(a)(5).